**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBLE HEALTH INC., <br><br> Defendant. | Case No. 4:25-CV-01048 <br><br> JUDGE JOHN R. ADAMS <br><br> MAGISTRATE JUDGE CARMEN E. HENDERSON |

**<u>PLAINTIFFS NOVO NORDISK A/S AND NOVO NORDISK INC.'S</u>**
**<u>MOTION FOR CLARIFICATION OF THE COURT'S MARCH 19, 2026</u>**
**<u>MEMORANDUM OF OPINION AND ORDER</u>**

Plaintiffs Novo Nordisk A/S and Novo Nordisk, Inc.("Plaintiffs") respectfully request clarification regarding the Court's Memorandum of Opinion and Order entered March 19, 2026, ECF No. 41. Specifically, Plaintiffs request clarification that the Court's dismissal is without prejudice.

Although Defendant Amble Health Inc. ("Defendant") moved to dismiss under Rule 12(b)(6), *see* Def.'s Motion to Dismiss, ECF No. 20, the Court held that it "does not have jurisdiction to review this matter," granted Defendant's motion "albeit on different grounds than it urged," and dismissed the case without stating whether that dismissal is with or without prejudice. Mem. Op. & Order at 7–8, ECF No. 41, PageID # 528–29.

Because the Court's ruling rests on lack of subject-matter jurisdiction rather than a merits determination under Rule 12(b)(6), clarification is warranted.  As the Sixth Circuit recently confirmed, "when a court dismisses for lack of subject-matter jurisdiction, it must generally do so

without prejudice," and although silent judgments are ordinarily presumed to be with prejudice, "this presumption does not apply to dismissals for lack of jurisdiction." *Roberts v. Progressive Preferred Ins. Co*., 167 F.4th 955, 964–65 (6th Cir. 2026). That principle applies here, where the Court concluded that it lacks jurisdiction based on Article III standing and dismissed on grounds different from those advanced in Defendant's Rule 12(b)(6) motion. *See* ECF No. 41, PageID # 523–29. Moreover, where, as here, a district court dismisses on its own initiative on a basis not raised by the defendant, the Sixth Circuit has cautioned that such dismissals are disfavored and has required procedures designed to ensure notice and an opportunity to respond. *See United Bhd. of Carpenters & Joiners of Am., Dresden Loc. No. 267 v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 557–58 (6th Cir. 1991).

Accordingly, Plaintiffs respectfully request that the Court clarify that its March 19, 2026 Memorandum of Opinion and Order dismisses this action **without prejudice**.

March 23, 2026

Respectfully submitted,

*/s/ Gregory J. Krabacher*
Gregory J. Krabacher (0079259), *Trial Attorney*
Maurice A. Wells (0096804)
EPSTEIN BECKER & GREEN, P.C.
250 West Street, Suite 300
Columbus, Ohio 43215
T: (614) 872-2447
E: gkrabacher@ebglaw.com
    mwells@ebglaw.com

Neil K. Roman (DC Bar No. 401170)
Robert N. Hunziker, Jr. (DC Bar No. 1018458)
Francisco I. Collantes *(*DC Bar No. 90032159)
Alexandra Widas (DC Bar No. 1645372)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T: (202) 662 5135|

FIRM:69792634v4

E: nroman@cov.com
rhunziker@cov.com
fcollantes@cov.com
awidas@cov.com

***Attorneys for Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc.***

3

## CERTIFICATE OF SERVICE

I certify that on March 23, 2026, the foregoing *Plaintiffs' Motion for Clarification* was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Gregory J. Krabacher*
Gregory J. Krabacher (0079259)

4

FIRM:69792634v4